**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

-vs-

Case # 5:15cr30-002

ANTONIO FLORES-ESPARZA
a/k/a Giovani Rodriguez-Ruvulcaba,
a/k/a Antonio Flores, a/k/a Antonio
Vargas Flores

USM # 23575-017

Defendant's Attorney:
Michelle K. Daffin (AFPD)
30 W. Government Street
Panama City, Florida 32401

---

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts 1, 3, 4, 5, 7, 11, 14, 19, 24, 26, and 30 of the indictment on February 29, 2016. Accordingly, IT IS ORDERED that the defendant is adjudged guilty of such counts which involve the following offense:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Transport An Individual in Interstate Commerce to Engage in Prostitution; or Induce, Persuade, or Entice An Individual to Travel In Interstate Commerce to Engage in Prostitution; or To Keep or Maintain, or Harbor In Any House/Place for the Purpose of Prostitution An Alien in Pursuance of Importation | August 31, 2015 | 1 |

| | | | |
|---|---|---|---|
| 18 U.S.C. §§ 2 and 2422 | Induce, Persuade, or Entice An Individual to Travel in Interstate Commerce to Engage in Prostitution | May 14, 2015 | 3 |
| 18 U.S.C. §§ 2 and 2422 | Induce, Persuade, or Entice An Individual to Travel in Interstate Commerce to Engage in Prostitution | May 22, 2015 | 4 |
| 18 U.S.C. §§ 2 and 2422 | Induce, Persuade, or Entice An Individual to Travel in Interstate Commerce to Engage in Prostitution | May 25, 2015 | 5 |
| 18 U.S.C. §§ 2 and 2422 | Induce, Persuade, or Entice An Individual to Travel in Interstate Commerce to Engage in Prostitution | June 1, 2015 | 7 |
| 18 U.S.C. §§ 2 and 2421 | Transport of an Individual in Interstate Commerce to Engage in Prostitution | June 8, 2015 | 11 |
| 18 U.S.C. §§ 2 and 2421 | Transport of an Individual in Interstate Commerce to Engage in Prostitution | June 15, 2015 | 14 |
| 18 U.S.C. §§ 2 and 2421 | Transport of an Individual in Interstate Commerce to Engage in Prostitution | June 28, 2015 | 19 |
| 18 U.S.C. §§ 2 and 2422 | Induce, Persuade, or Entice An Individual to Travel in Interstate Commerce to Engage in Prostitution | July 13,2015 | 24 |
| 18 U.S.C. §§ 2 and 2422 | Induce, Persuade, or Entice An Individual to Travel in Interstate Commerce to Engage in Prostitution | July 20, 2015 | 26 |
| 18 U.S.C. §§ 2 and 2422 | Induce, Persuade, or Entice An Individual to Travel in Interstate Commerce to Engage in Prostitution | July 27, 2015 | 30 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
June 16, 2016

s/Robert L. Hinkle
United States District Judge
June 21, 2016

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **24 months on counts 1, 3, 4, 5, 7, 11, 14, 19, 24, 26, and 30, all to run concurrently.**

**If the defendant is convicted and sentenced to custody on another charge, the new sentence should be served concurrently with or consecutively to this sentence, as ordered or recommended by the new sentencing judge.**

**No term of supervised release imposed.**

The Court recommends to the Bureau of Prisons:

The defendant is remanded to the United States Marshal.

## RETURN

I have executed this judgment as follows:

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

Defendant delivered on ____________________ to ________________________________

at ____________________________________________, with a certified copy of this judgment.

________________________________
UNITED STATES MARSHAL

By:________________________________
Deputy U.S. Marshal

## CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the

Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| **SPECIAL MONETARY ASESSEMENT** | **FINE** | **RESTITUTION** |
|---|---|---|
| **$1100.00** | **-0-** | **-0-** |

## SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$1100.00** is imposed.

No fine imposed.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties

Payment of the total fine and other criminal monetary penalties shall be due as follows:

in full immediately

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall forfeit the defendant's interest in the following property to the United States: